UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER R. MARKS,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5454** |
| **SHERIFF RANDY SMITH, IN HIS CAPACITY AS SHERIFF OF THE PARISH OF ST. TAMMANY, ET AL.,**<br>     **Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a motion *in limine* to exclude Plaintiff's expert witness filed by Defendants.[1] The motion is opposed.[2] For the reasons set forth below, the motion is **GRANTED**.

### BACKGROUND

This is a case brought under 42 U.S.C. § 1983. On or about October 23, 2014, upon leaving her employment, Plaintiff, Jennifer Marks, alleges she stopped at Acadia Gas Station in Slidell, Louisiana to purchase a pack of cigars.[3] After leaving the gas station, Deputy Bryan Steinert conducted a traffic stop of the Plaintiff.[4] Deputy Samuel Hyneman arrived on the scene while Deputy Steinert searched the Plaintiff's vehicle.[5] Deputy Steinert found drug paraphernalia in the vehicle. Corporal Amore Neck then arrived on the scene to conduct a search of the Plaintiff's person. It is at this point that the parties' accounts of the incident diverge.

---

[1] R. Doc. 43.
[2] R. Doc. 51.
[3] R. Doc. 2 at ¶ 6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 9.

1

The Plaintiff alleges Corporal Neck conducted "an illegal and unconstitutional full body cavity search at the traffic stop which amount to a sexual assault."[6] According to the Plaintiff, Corporal Neck "forced Ms. Marks to bend over while handcuffed, putting her hand down Ms. Marks' pants, and with her fingers, entering Ms. Marks' vagina and then separately, her rectum. Deputy Amore then checked Ms. Marks' feet and mouth without changing gloves."[7]

The Defendants' accounts, however, differ significantly from the Plaintiff's. Deputy Hyneman, who observed the search performed by Corporal Neck, provided testimony that the search was a "basic pat down" and Corporal Neck did not search the Plaintiff's body cavities.[8] Corporal Neck testified the search she conducted on the Plaintiff was a usual pat-down search, which did not include searching any of the Plaintiff's body cavities.[9]

The Plaintiff filed this lawsuit, bringing claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity under 42 U.S.C. § 1983 and other state-law causes of action. The Plaintiff also brings claims against Corporal Amore Neck, Deputy Samuel Hyneman, and Deputy Bryan Steinert in their individual capacities under section 1983 for violations of her Eighth and Fourteenth Amendment rights.[10]

Defendant Corporal Amore Neck filed a counterclaim against Marks, alleging the allegation in Marks's complaint are completely false and rise to the level of defamation.

---

[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] R. Doc. 46-4 at 26–27.
[9] R. Doc. 46-5 at 15–16.
[10] Although the Plaintiff's Complaint states the officers used excessive force in violation of her Eighth Amendment rights, she appears to have changed her theory to excessive force under the Fourth Amendment in her opposition to the motion for summary judgment. The Court will analyze the Plaintiff's claim as being brought under the Fourth Amendment.

**STANDARD OF LAW**

The Federal Rules of Evidence permit an expert witness with "scientific, technical or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case."[11] The threshold inquiry is whether the expert possesses the requisite qualifications to render an opinion on a particular subject matter.[12] If the expert's qualifications are found to be sufficient, the court then must examine whether the expert's opinions are reliable and relevant.[13] The United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[14] provides the analytical framework for determining whether expert testimony is admissible under Rule 702. Under *Daubert*, courts, as "gatekeepers," are tasked with making a preliminary assessment of whether the expert's testimony is relevant and reliable.[15]

The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony is reliable and relevant.[16] The reliability of expert testimony "is determined by assessing whether the reasoning or methodology underlying the testimony is scientifically valid."[17] In *Daubert*, the Supreme Court enumerated several

---

[11] FED. R. EVID. 702.
[12] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 799 (E.D. La. 2011). *See also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow an expert to testify if it finds that the witness is not qualified to testify in a particular field or a given subject.").
[13] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).
[14] 509 U.S. 579 (1993).
[15] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).
[16] *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).
[17] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). *See also Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004); *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584–85 (5th Cir. 2003).

non-exclusive factors that courts may consider in evaluating the reliability of expert testimony.[18] "These factors are (1) whether the expert's theory can or has been tested, (2) whether the theory has been subject to peer review and publication, (3) the known or potential rate of error of a technique or theory when applied, (4) the existence and maintenance of standards and controls, and (5) the degree to which the technique or theory has been generally accepted in the scientific community."[19]

The Supreme Court has cautioned that the reliability analysis must remain flexible. Various *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony."[20] Thus, "not every *Daubert* factor will be applicable in every situation . . . and a court has discretion to consider other factors it deems relevant."[21] In sum, the district court is offered broad latitude in making expert testimony determinations.[22]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility and should be left for the finder of fact.[23] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[24] The Court is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the

---

[18] *Daubert*, 509 U.S. at 592–96.
[19] *Bocanegra*, 320 F.3d at 584–85 (citing *Daubert*, 509 U.S. at 593–94).
[20] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).
[21] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 326 (5th Cir. 2004).
[22] *See, e.g., Kumho Tire*, 526 U.S. at 151–53.
[23] *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[24] *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted).

opinion is reliable. "It is the role of the adversarial system, not the court, to highlight weak evidence."[25]

## ANALYSIS

Defendants seek to exclude the testimony of Plaintiff's proffered expert, Michael W. Quinn.[26] Defendants argue Mr. Quinn's opinion that a body cavity search on the side of a highway, such as the one alleged by the Plaintiff, would violate the St. Tammany Parish Sheriff's policies is not relevant and will not assist the trier of fact as required by Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[27] because Defendants have admitted that is such a search occurred, it would violate the St. Tammany Parish Sheriff's policies and expert testimony is not necessary, because the jury is capable of determining whether a specific search breached a defined policy.[28] Further, Defendants argue Mr. Quinn's opinion about the constitutionality of the alleged search is a question of law to be decided by the Court.[29] Finally, Defendants contend Mr. Quinn's testimony with respect to whether Deputy Steinert lacked probable cause or reasonable suspicion to initiate the traffic stop of the Plaintiff is an impermissible collateral attack on the Plaintiff's conviction for possession of marijuana under *Heck v. Humphrey*.[30]

In response, the Plaintiff argues Mr. Quinn's testimony is relevant to establishing the alleged search was unreasonable.[31] Plaintiffs also contend Mr. Quinn's testimony regarding the stop and search of the Plaintiff's vehicle is not precluded by *Heck v. Humphrey* because his testimony "goes to the overall context of the alleged body cavity

---

[25] *Primrose*, 382 F.3d at 562.
[26] R. Doc. 43.
[27] 509 U.S. 579 (1993).
[28] R. Doc. 43-1 at 1–2.
[29] *Id.* at 2.
[30] *Id.*; 512 U.S. 477 (1994).
[31] R. Doc.

5

search—the questionable policing and officers determined to find contraband landed her on the side of the road that night, that questionable policing and officers determined to find contraband led to a search of her vehicle, and that same pattern led to the alleged body cavity search at issue."[32]

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[33]

Courts, as "gatekeepers," are tasked with making a preliminary assessment whether expert testimony is both reliable and relevant.[34] The Court has broad latitude in making such expert testimony determinations.[35] The party seeking to offer expert testimony bears the burden of establishing, by a preponderance of the evidence, that "(1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable."[36] The issue in this case is whether Mr. Quinn's testimony is relevant and will be helpful to the jury.

The Court has already found that if the jury finds the search occurred in the manner alleged by the Plaintiff, such a search would be unreasonable and violative of the

---

[32] *Id.*
[33] FED. R. EVID. 702.
[34] *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)).
[35] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151–53 (1999).
[36] *Motio, Inc. v. BSP Software, LLC*, No. 4:12-CV-647, 2016 WL 105299, at *1 (E.D. Tex. Jan. 8, 2016) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–91 (1993)). *See also Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002); *AMW Sports, LLC v. State Farm Fire and Cas. Co.*, No. 10-651, 2012 WL 39380, at *1 (M.D. La. Jan. 9, 2012) ("Plaintiffs, the proponents of the expert evidence at issue, have

Plaintiff's right against excessive force under the Fourth Amendment.[37] Specifically, the Court has found that "The Supreme Court's decision in *Bell v. Wolfish*, Fifth Circuit precedent, and other persuasive authority clearly established by October of 2014 that no reasonable officer would have believed the manner of the alleged search conducted in this case to be reasonable."[38] As a result, expert testimony about the reasonableness of a body cavity search at a traffic stop is unnecessary, irrelevant, and not helpful to the jury. Any other opinion regarding the constitutionality of the alleged search is a legal opinion, which is not allowed.[39]

The Court has dismissed Plaintiff's claims pursuant to *Heck v. Humphrey* to the extent they challenge the officers' reasonable suspicion and probable cause determinations that led to the traffic stop, arrest, and conviction of the Plaintiff for possession of marijuana.[40] As a result, Mr. Quinn's opinions with respect to the officers' motives in effectuating the stop are irrelevant and unhelpful to the jury.

Because the Plaintiff has not demonstrated any opinion of Mr. Quinn that is relevant or helpful to the jury, his testimony and opinion will be excluded from evidence.

---

the burden of demonstrating that their expert is qualified to testify in the field that he is offered and that his opinions are both reliable and relevant.").
[37] R. Doc. 71.
[38] *Id*.
[39] Expert testimony that offers a legal opinion is inadmissible. *Estate of Sowell v. United States of America*, 198 F.3d 169, 171 (5th Cir. 1999); *Askanase v. Fatjo*, 130 F.3d 657, 669 (5th Cir. 1997).
[40] R. Doc. 71.

7

## CONCLUSION

**IT IS ORDERED** that the motion *in limine* to exclude Plaintiff's expert, Michael W. Quinn, is hereby **GRANTED**.

**New Orleans, Louisiana, this 14th day of March, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**