UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JENNIFER R. MARKS,<br>    Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-5454 |
| SHERIFF RANDY SMITH, IN HIS CAPACITY AS SHERIFF OF THE PARISH OF ST. TAMMANY, ET AL.,<br>    Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is a motion *in limine* filed by Defendants Amore Neck, Bryan Steinert, and Samuel Hyneman.[1] The motion is opposed.[2] For the reasons below, the motion is **DENIED**.

## BACKGROUND

This is a case brought under 42 U.S.C. § 1983. On or about October 23, 2014, upon leaving her employment, Plaintiff, Jennifer Marks, alleges she stopped at Acadia Gas Station in Slidell, Louisiana to purchase a pack of cigars.[3] After leaving the gas station, Deputy Bryan Steinert conducted a traffic stop of the Plaintiff.[4] Deputy Samuel Hyneman arrived on the scene while Deputy Steinert searched the Plaintiff's vehicle.[5] Deputy Steinert found drug paraphernalia in the vehicle. Corporal Amore Neck then arrived on the scene to conduct a search of the Plaintiff's person. It is at this point that the parties' accounts of the incident diverge.

---

[1] R. Docs. 85.
[2] R. Doc. 99.
[3] R. Doc. 2 at ¶ 6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 9.

The Plaintiff alleges Corporal Neck conducted "an illegal and unconstitutional full body cavity search at the traffic stop which amount to a sexual assault."[6] According to the Plaintiff, Corporal Neck "forced Ms. Marks to bend over while handcuffed, putting her hand down Ms. Marks' pants, and with her fingers, entering Ms. Marks' vagina and then separately, her rectum. Deputy Amore then checked Ms. Marks' feet and mouth without changing gloves."[7]

The Defendants' accounts, however, differ significantly from the Plaintiff's. Deputy Hyneman, who observed the search performed by Corporal Neck, provided testimony that the search was a "basic pat down" and Corporal Neck did not search the Plaintiff's body cavities.[8] Corporal Neck testified the search she conducted on the Plaintiff was a usual pat-down search, which did not include searching any of the Plaintiff's body cavities.[9]

The Plaintiff filed this lawsuit, bringing claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity under 42 U.S.C. § 1983 and other state-law causes of action. The Plaintiff also brings claims against Corporal Amore Neck, Deputy Samuel Hyneman, and Deputy Bryan Steinert in their individual capacities under section 1983 for violations of her Eighth and Fourteenth Amendment rights.

The Plaintiff's claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity have been dismissed. The remaining claims are those against Corporal Neck, Deputy Steinert, and Deputy Hyneman in their individual capacities.

---

[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] R. Doc. 46-4 at 26–27.
[9] R. Doc. 46-5 at 15–16.

## LAW AND ANALYSIS

The Defendants seek to exclude testimony from Plaintiff's father, Robert Marks, Sr., and sister, Cassandra Stevens, that the Plaintiff suffered from depression as a result of the traffic stop and alleged body cavity search.[10] Defendants argue the Plaintiff seeks to recover damages for mental anguish and emotional distress, but "has not received any treatment" for these issues.[11] Because neither Robert Marks nor Cassandra Stevens have mental health training or experience, the Defendants contend they cannot "offer an expert opinion diagnosing Ms. Marks with depression, or otherwise alleg[e] that she suffered from depression."[12] Defendants further argue that because the Plaintiff "failed to offer any evidence supporting a claim of depression," any testimony proffering an "unsupported opinion that Plaintiff suffered from or continues to suffer[] from depression" should be excluded.[13]

In response, the Plaintiff contends Mr. Marks and Ms. Stevens will testify only as to what they "directly observed about [the Plaintiff's] emotional state and well-being immediately after . . . the incident in question."[14] The Plaintiff argues this evidence is relevant "to corroborating [her] claim that a full body cavity search occurred" and is "directly relevant for damages."[15]

Compensatory damages for emotional distress must be "supported by competent evidence concerning the injury."[16] Failure to establish "actual injury" with sufficient

---

[10] R. Doc. 85.
[11] R. Doc. 85-1 at 3.
[12] *Id.* at 4.
[13] *Id.* at 5.
[14] R. Doc. 99 at 2.
[15] *Id.*
[16] *Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978).

evidence will result in the award of only nominal damages.[17] The Fifth Circuit clarified the level of specificity needed to provide a claim for mental damages, requiring there be a "specific discernable injury to the claimant's emotional state," which must be "proven with evidence regarding the nature and extent of the harm."[18] "[H]urt feelings, anger and frustration are part of life and were not types of harm that could support a mental anguish award."[19]

With respect to the types of evidence the Plaintiff may use to meet her burden, the Fifth Circuit has stated that the plaintiff's testimony alone may not be sufficient to support a claim for mental damages, and instead, a plaintiff is required to present "corroborating testimony *or* medical or psychological evidence."[20] Corroborating testimony may be given from a spouse or family member.[21] "[I]t does not matter what type of evidence is used to satisfy *Carey*'s specificity requirement, so long as that standard is successfully met."[22] Therefore, testimony of a medical expert is not required.

Any corroborating testimony must meet the specificity requirement discussed above, and "[n]either conclusory statements that he plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award of compensatory damages."[23] A corroborating witness must give testimony regarding objective, specific evidence of emotional distress, such as crying spells, outbursts of anger, sleeplessness, anxiety, or humiliation.[24]

---

[17] *Id.* at 266–67.
[18] *Brady v. Fort Bend Cnty*, 145 F.3d 691, 718 (5th Cir. 1998) (quoting *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996)).
[19] *Id.* (quoting *Patterson*, 90 F.3d at 940) (internal quotations omitted).
[20] *Id.* (emphasis added).
[21] *See Hitt v. Connell*, 301 F.3d 240, 250 (5th Cir. 2002).
[22] *Brady*, 145 F.3d at 720.
[23] *Id.* at 719.
[24] *See id.*; *see also Denner v. Tex. Dep't of Crim. Justice*, No. 05-184, 2006 WL 2987719 (W.D. Tex. Oct. 16, 2006).

The Plaintiff's family members will be allowed to testify regarding what they observed about the Plaintiff's emotional state following the incident in question. Mr. Marks and Ms. Stevens will not be allowed to give testimony regarding a medical diagnosis of depression, mental anguish, or emotional distress.

**CONCLUSION**

**IT IS ORDERED** that the motion *in limine* to exclude testimony or evidence about the Plaintiffs' depression and emotional state is hereby **DENIED**.

**New Orleans, Louisiana, this 17th day of May, 2017.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**