UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER R. MARKS,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5454** |
| **SHERIFF RANDY SMITH, IN HIS OFFICIAL CAPACITY AS SHERIFF OF THE PARISH OF ST. TAMMANY, ET AL.,**<br>    Defendants | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is a motion *in limine* filed by Defendants Amore Neck, Bryan Steinert, and Samuel Hyneman.[1] The motion is opposed.[2] For the reasons below, the motion *in limine* is **DENIED**.

## BACKGROUND

This is a case brought under 42 U.S.C. § 1983. On or about October 23, 2014, upon leaving her employment, Plaintiff, Jennifer Marks, alleges she stopped at Acadia Gas Station in Slidell, Louisiana to purchase a pack of cigars.[3] After leaving the gas station, Deputy Bryan Steinert conducted a traffic stop of the Plaintiff.[4] Deputy Samuel Hyneman arrived on the scene while Deputy Steinert searched the Plaintiff's vehicle.[5] Deputy Steinert found drug paraphernalia in the vehicle. Corporal Amore Neck then arrived on the scene to conduct a search of the Plaintiff's person. It is at this point that the parties' accounts of the incident diverge.

---

[1] R. Docs. 82.
[2] R. Doc. 101.
[3] R. Doc. 2 at ¶ 6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 9.

1

The Plaintiff alleges Corporal Neck conducted "an illegal and unconstitutional full body cavity search at the traffic stop which amount to a sexual assault."[6] According to the Plaintiff, Corporal Neck "forced Ms. Marks to bend over while handcuffed, putting her hand down Ms. Marks' pants, and with her fingers, entering Ms. Marks' vagina and then separately, her rectum. Deputy Amore then checked Ms. Marks' feet and mouth without changing gloves."[7]

The Defendants' accounts, however, differ significantly from the Plaintiff's. Deputy Hyneman, who observed the search performed by Corporal Neck, provided testimony that the search was a "basic pat down" and Corporal Neck did not search the Plaintiff's body cavities.[8] Corporal Neck testified the search she conducted on the Plaintiff was a usual pat-down search, which did not include searching any of the Plaintiff's body cavities.[9]

The Plaintiff filed this lawsuit, bringing claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity under 42 U.S.C. § 1983 and other state-law causes of action. The Plaintiff also brings claims against Corporal Amore Neck, Deputy Samuel Hyneman, and Deputy Bryan Steinert in their individual capacities under section 1983 for violations of her Eighth and Fourteenth Amendment rights.

The Plaintiff's claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity have been dismissed. The remaining claims are those against Corporal Neck, Deputy Steinert, and Deputy Hyneman in their individual capacities.

---

[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] R. Doc. 46-4 at 26–27.
[9] R. Doc. 46-5 at 15–16.

**LAW AND ANALYSIS**

Defendants seek to exclude evidence and testimony *challenging* the traffic stop, vehicle search, and arrest of the Plaintiff.[10] Defendants argue any such evidence is contrary to the Court's ruling dismissing certain of Plaintiffs' claims pursuant to *Heck v. Humphrey*.[11] According to the Defendants, the Plaintiff intends to "show that the entire series of events, beginning with the traffic stop and culminating in the alleged body cavity search, were the result of improper procedure and the officers' decision to target Ms. Marks."[12] The Defendants contend allowing such evidence would allow the Plaintiff to "be awarded damages for the improper procedure and overall context, which would necessarily include the traffic stop and search of her vehicle."[13]

In response, the Plaintiff contends she "will not argue or attempt to show that the stop or vehicle search were the result of improper police procedure."[14] Instead, she seeks to "admit evidence of the Defendants' continuum of conduct culminating in [the body cavity] search" and such evidence is relevant because it "will assist the jury in making the fact of the illegal search . . . more or less likely."[15] The Plaintiff argues this evidence will "show an unreasonable attempt by the Defendant officers to target and harass her and justify their searches, culminating in an invasive and illegal body cavity search."[16]

---

[10] R. Doc. 82.
[11] 512 U.S. 477 (1994). The Court granted summary judgment and dismissed with prejudice "[a]ny claim attempting to collaterally challenge the Plaintiff's conviction for possession of marijuana by contesting the validity of her traffic stop and the search of her vehicle." R. Doc. 71.
[12] R. Doc. 82-1 at 8.
[13] *Id*.
[14] R. Doc. 101 at 4–5.
[15] *Id*. at 2.
[16] *Id*. at 3.

The holding in *Heck* presents a procedural bar to the prosecution of a section 1983 claim and does form the basis for the exclusion of certain evidence. The Plaintiff may not question the Defendants or any other witness about whether the officers followed proper police procedure or whether they had an adequate legal basis to effectuate a traffic stop, to arrest her, or to search her vehicle. The Plaintiff may not introduce evidence or argue that the Defendants targeted or harassed her with respect to the traffic stop, her arrest, or the search of her vehicle. Further, the Plaintiff may not introduce evidence or present argument with respect to the Defendants' motives in effectuating the traffic stop, search of her vehicle, or her arrest.

*Heck*, however, does not control the admissibility of evidence, or "serve as an evidentiary bar."[17] "[T]he application of *Heck* focuses only on whether a claim itself is viable, not on whether a particular piece of evidence is admissible."[18] Although the Court has precluded the Plaintiff from bringing any *claim* that collaterally attacks her conviction of marijuana by contesting the validity of her traffic stop, the Plaintiff "is still entitled to tell the jury the entire story."[19]

The Plaintiff will be allowed to question the Defendants with respect to the facts and circumstances surrounding the traffic stop, her arrest, and the vehicle search to provide context to the alleged body cavity search.[20]

---

[17] *Simpson v. Thomas*, 528 F.3d 685, 691, 695 (9th Cir. 2008) ("*Heck* is not an evidentiary doctrine.").
[18] *Melton v. Murphy*, No. 05-366, 2008 WL 2697333, at *2 (E.D. Pa. Jul. 9, 2008) (citing *Simpson*, 528 F.3d at 695); *see also Calloway v. C/O Oaks*, No. 08-1896, 2013 WL 4586422, at *4 (E.D. Ca. Aug. 28, 2013) (citing *Simpson*, 528 F.3d at 695–96) (refusing to preclude evidence in a civil rights action that corrections officers initiated physical contact with the plaintiff on the ground that the plaintiff was convicted of battery on a peace officer).
[19] *Simpson*, 528 F.3d at 696.
[20] In its ruling on the Defendants' motion *in limine* to exclude the testimony of Plaintiff's Expert, Michael Quinn, the Court excluded Mr. Quinn's testimony, finding his "opinions with respect to the officers' motives in effectuating the stop are irrelevant and unhelpful to the jury." R. Doc. 78 at 7. Mr. Quinn's opinion testimony related to the reasonableness of the officers' actions related to the traffic stop, vehicle search, and

## CONCLUSION

**IT IS ORDERED** that the motion *in limine* to exclude evidence or testimony relating to the facts and circumstances surrounding the traffic stop, the Plaintiff's arrest, and the vehicle search is **DENIED**.

**New Orleans, Louisiana, this 18th day of May, 2017.**

                                      */s/ Susie Morgan*
                               **SUSIE MORGAN**
                     **UNITED STATES DISTRICT JUDGE**

---

arrest of the Plaintiff. The Court's ruling did not exclude all testimony regarding facts and circumstances of the traffic stop, vehicle search, and arrest.