UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER R. MARKS,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 15-5454 |
| SHERIFF RANDY SMITH, IN HIS CAPACITY AS SHERIFF OF THE PARISH OF ST. TAMMANY, ET AL.,<br>    Defendants | SECTION: "E" (2) |

### ORDER AND REASONS

Before the Court is a motion *in limine* filed by Defendants Amore Neck, Bryan Steinert, and Samuel Hyneman.[1] The motion is opposed.[2] The Court rules on the motion as set forth below.

### BACKGROUND

This is a case brought under 42 U.S.C. § 1983. On or about October 23, 2014, upon leaving her employment, Plaintiff, Jennifer Marks, alleges she stopped at Acadia Gas Station in Slidell, Louisiana to purchase a pack of cigars.[3] After leaving the gas station, Deputy Bryan Steinert conducted a traffic stop of the Plaintiff.[4] Deputy Samuel Hyneman arrived on the scene while Deputy Steinert searched the Plaintiff's vehicle.[5] Deputy Steinert found drug paraphernalia in the vehicle. Corporal Amore Neck then arrived on the scene to conduct a search of the Plaintiff's person. It is at this point that the parties' accounts of the incident diverge.

---

[1] R. Docs. 83.
[2] R. Doc. 100.
[3] R. Doc. 2 at ¶ 6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 9.

1

The Plaintiff alleges Corporal Neck conducted "an illegal and unconstitutional full body cavity search at the traffic stop which amount to a sexual assault."[6] According to the Plaintiff, Corporal Neck "forced Ms. Marks to bend over while handcuffed, putting her hand down Ms. Marks' pants, and with her fingers, entering Ms. Marks' vagina and then separately, her rectum. Deputy Amore then checked Ms. Marks' feet and mouth without changing gloves."[7]

The Defendants' accounts, however, differ significantly from the Plaintiff's. Deputy Hyneman, who observed the search performed by Corporal Neck, provided testimony that the search was a "basic pat down" and Corporal Neck did not search the Plaintiff's body cavities.[8] Corporal Neck testified the search she conducted on the Plaintiff was a usual pat-down search, which did not include searching any of the Plaintiff's body cavities.[9]

The Plaintiff filed this lawsuit, bringing claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity under 42 U.S.C. § 1983 and other state-law causes of action. The Plaintiff also brings claims against Corporal Amore Neck, Deputy Samuel Hyneman, and Deputy Bryan Steinert in their individual capacities under section 1983 for violations of her Eighth and Fourteenth Amendment rights.

The Plaintiff's claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity have been dismissed. The remaining claims are those against Corporal Neck, Deputy Steinert, and Deputy Hyneman in their individual capacities.

---

[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] R. Doc. 46-4 at 26–27.
[9] R. Doc. 46-5 at 15–16.

**LAW AND ANALYSIS**

Defendants seek to exclude evidence or testimony that "attempt[s] to challenge policies and procedures related to dash-cameras or retention, to claim that the policies and procedures are insufficient, or to claim that the Sheriff lacked adequate policies and procedures."[10] Defendants argue such evidence is precluded under the "law of the case" doctrine because this Court has dismissed the Plaintiff's claims against Sheriff Smith, including a claim related to the Sheriff's failure to institute and enforce policies and procedures.[11] Defendants contend the jury may improperly award damages based on the Sheriff's failure to maintain adequate policies and procedures, which would be an award against Sheriff Smith, not the remaining defendants in this matter—Corporal Neck, Deputy Steinert, and Deputy Hyneman in their individual capacities.[12] The Defendants further contend evidence referencing the St. Tammany Parish Sheriff's Office's policies and procedures with respect to the dash cameras is irrelevant because no dash camera video was recorded of the incident in question.[13]

In response, the Plaintiff states she does not intend to attack the sufficiency of the St. Tammany Parish Sheriff's Offices policies and procedures with respect to dash cameras. Instead, the Plaintiff argues evidence of the dash camera policies and procedures is relevant to the credibility of Deputy Steinert, who had the opportunity to delete videos on the dash camera memory card at his discretion.[14] Plaintiffs further contend the question of whether a dash camera video was recorded with respect to the incident at issue is a question of fact in this case, which should be decided by the jury.

---

[10] R. Doc. 83.
[11] *Id.*
[12] R. Doc. 83-1 at 6.
[13] *Id.* at 7.
[14] R. Doc. 100 at 3.

The Court finds evidence with respect to the dash camera in Deputy Steinert's patrol car to be relevant and not precluded by the "law of the case" doctrine. The Plaintiff is not seeking to admit evidence with respect to the dash camera to relitigate her claims against Sheriff Smith for failure to maintain adequate policies and procedures. The facts surrounding the existence of and use of the dash camera is relevant to whether a recording of the incident existed and whether it was deleted—either intentionally or accidentally. Such facts are relevant to the Plaintiff's argument that the Defendants had the motive and opportunity to spoliate evidence by deleting the video of her traffic stop.[15]

The Plaintiff may question Deputy Steinert and other defense witnesses with respect to the facts surrounding the deputies' use of the dash camera, the recordings made, and the deletion and/or storage of recordings made.[16] The Plaintiff may not question Deputy Steinert or other defense witnesses about the existence, content, or adequacy of the policies and procedures with respect to dash cameras.

---

[15] *United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) ("A district court has discretion to admit evidence of spoliation and to instruct the jury on adverse inferences."). The Court will only instruct the jury on the issue of spoliation of evidence if the Plaintiff presents evidence of bad faith of the Defendants. *Anderson v. Prod. Mgmt. Corp.*, No. 98-2234, 2000 WL 492095, at *3 (E.D. La. Apr. 25, 2000) ("[T]he Fifth Circuit holds that in order to permit the fact-finder to draw an inference adverse to the destroying party, there must be a showing of bad faith or bad conduct.").

[16] For instance, the Plaintiff may wish to ask Deputy Steinert whether his patrol car was equipped with a dash camera and when it was installed; whether the camera recorded the incident; whether Deputy Steinert thought the incident was being recorded at the time of the incident; how the video would be stored if there had been a recording; whether any video of the incident was burned to a CD; how the camera worked and how videos were stored; whether Deputy Steinert ever deleted videos from the memory card; when the camera was removed from the patrol car; when Deputy Steinert discovered the incident was not recorded, how that information was ascertained, and by whom; when Deputy Steinert gave the memory card at issue to someone else and to whom it was given; and whether the dash camera in Deputy Steinert's patrol car worked correctly on previous and subsequent patrol shifts.

## CONCLUSION

**IT IS ORDERED** that the motion *in limine* to exclude evidence and testimony regarding to the dash camera in Deputy Steinert's patrol car is **DENIED**.

**New Orleans, Louisiana, this 18th day of May, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**