UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JENNIFER R. MARKS,<br>    Plaintiff | CIVIL ACTION |
| VERSUS | NO. 15-5454 |
| SHERIFF RANDY SMITH, IN HIS<br>OFFICIAL CAPACITY AS SHERIFF OF THE<br>PARISH OF ST. TAMMANY, ET AL.,<br>    Defendants | SECTION: "E" (2) |

### ORDER AND REASONS

Before the Court is a motion *in limine* filed by the Plaintiff.[1] The motion is opposed.[2] For the reasons below, the motion is **DENIED**.

### BACKGROUND

This is a case brought under 42 U.S.C. § 1983. On or about October 23, 2014, upon leaving her employment, Plaintiff, Jennifer Marks, alleges she stopped at Acadia Gas Station in Slidell, Louisiana to purchase a pack of cigars.[3] After leaving the gas station, Deputy Bryan Steinert conducted a traffic stop of the Plaintiff.[4] Deputy Samuel Hyneman arrived on the scene while Deputy Steinert searched the Plaintiff's vehicle.[5] Deputy Steinert found drug paraphernalia in the vehicle. Corporal Amore Neck then arrived on the scene to conduct a search of the Plaintiff's person. It is at this point that the parties' accounts of the incident diverge.

---

[1] R. Docs. 92.
[2] R. Doc. 97.
[3] R. Doc. 2 at ¶ 6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 9.

1

The Plaintiff alleges Corporal Neck conducted "an illegal and unconstitutional full body cavity search at the traffic stop which amount to a sexual assault."[6] According to the Plaintiff, Corporal Neck "forced Ms. Marks to bend over while handcuffed, putting her hand down Ms. Marks' pants, and with her fingers, entering Ms. Marks' vagina and then separately, her rectum. Deputy Amore then checked Ms. Marks' feet and mouth without changing gloves."[7]

The Defendants' accounts, however, differ significantly from the Plaintiff's. Deputy Hyneman, who observed the search performed by Corporal Neck, provided testimony that the search was a "basic pat down" and Corporal Neck did not search the Plaintiff's body cavities.[8] Corporal Neck testified the search she conducted on the Plaintiff was a usual pat-down search, which did not include searching any of the Plaintiff's body cavities.[9]

The Plaintiff filed this lawsuit, bringing claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity under 42 U.S.C. § 1983 and other state-law causes of action. The Plaintiff also brings claims against Corporal Amore Neck, Deputy Samuel Hyneman, and Deputy Bryan Steinert in their individual capacities under section 1983 for violations of her Eighth and Fourteenth Amendment rights.

The Plaintiff's claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity have been dismissed. The remaining claims are those against Corporal Neck, Deputy Steinert, and Deputy Hyneman in their individual capacities.

---

[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] R. Doc. 46-4 at 26–27.
[9] R. Doc. 46-5 at 15–16.

## LAW AND ANALYSIS

The Plaintiff seeks to exclude testimony or evidence related to her employment subsequent to the incident in question, arguing such evidence or testimony is irrelevant because the Plaintiffs' lost wage claim has been dismissed.[10]

In response, the Defendants contend evidence with respect to the Plaintiff's employment after the alleged body cavity search is relevant to her claims for loss of enjoyment of life, mental anguish, and emotional distress.[11]

The Plaintiff's father and sister offered deposition testimony, stating the Plaintiff has been unable to participate in daily activities or to drive her vehicle due to her fear of being stopped by the St. Tammany Parish Sheriff's Office and retaliated against because of the allegations levied in this lawsuit.[12] The Plaintiff's father stated this fear of retaliation caused the Plaintiff to quit her job as a delivery driver.[13] This testimony conflicts with the Plaintiff's deposition testimony, in which she states she ended her employment as a delivery driver because "[w]orking at night wasn't for [her]" and she did not "like being away from [her] girls."[14]

The Defendants may introduce evidence relating to the Plaintiff's employment after the incident in question, and the termination of her employment, because it is relevant to her claim for damages for mental anguish and emotional distress.

---

[10] R. Doc. 92; R. Doc. 71 (Order dismissing with prejudice the Plaintiff's claims for lost wages and economic damages).
[11] R. Doc. 97.
[12] R. Docs. 97-1, 97-2.
[13] R. Doc. 97-2 at 2.
[14] R. Doc. 97-3 at 3.

## CONCLUSION

**IT IS ORDERED** that the motion *in limine* to exclude testimony or evidence related to the Plaintiff's employment subsequent to the incident in question is hereby **DENIED**.

New Orleans, Louisiana, this 18th day of May, 2017.

                                       **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**