UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER R. MARKS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5454** |
| **SHERIFF RANDY SMITH, IN HIS CAPACITY AS SHERIFF OF THE PARISH OF ST. TAMMANY, ET AL.,**<br>    **Defendants** | **SECTION: "E" (2)** |

### ORDER AND REASONS

Before the Court are two motions *in limine* filed by the Plaintiff.[1] The motions are opposed.[2] The Court rules on the motions as set forth below.

### BACKGROUND

This is a case brought under 42 U.S.C. § 1983. On or about October 23, 2014, upon leaving her employment, Plaintiff, Jennifer Marks, alleges she stopped at Acadia Gas Station in Slidell, Louisiana to purchase a pack of cigars.[3] After leaving the gas station, Deputy Bryan Steinert conducted a traffic stop of the Plaintiff.[4] Deputy Samuel Hyneman arrived on the scene while Deputy Steinert searched the Plaintiff's vehicle.[5] Deputy Steinert found drug paraphernalia in the vehicle. Corporal Amore Neck then arrived on the scene to conduct a search of the Plaintiff's person. It is at this point that the parties' accounts of the incident diverge.

---

[1] R. Docs. 90, 91.
[2] R. Docs. 95, 96.
[3] R. Doc. 2 at ¶ 6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 9.

1

The Plaintiff alleges Corporal Neck conducted "an illegal and unconstitutional full body cavity search at the traffic stop which amount to a sexual assault."[6] According to the Plaintiff, Corporal Neck "forced Ms. Marks to bend over while handcuffed, putting her hand down Ms. Marks' pants, and with her fingers, entering Ms. Marks' vagina and then separately, her rectum. Deputy Amore then checked Ms. Marks' feet and mouth without changing gloves."[7]

The Defendants' accounts, however, differ significantly from the Plaintiff's. Deputy Hyneman, who observed the search performed by Corporal Neck, provided testimony that the search was a "basic pat down" and Corporal Neck did not search the Plaintiff's body cavities.[8] Corporal Neck testified the search she conducted on the Plaintiff was a usual pat-down search, which did not include searching any of the Plaintiff's body cavities.[9]

The Plaintiff filed this lawsuit, bringing claims against the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith in his official capacity under 42 U.S.C. § 1983 and other state-law causes of action. The Plaintiff also brings claims against Corporal Amore Neck, Deputy Samuel Hyneman, and Deputy Bryan Steinert in their individual capacities under section 1983 for violations of her Eighth and Fourteenth Amendment rights.

Defendant Corporal Amore Neck filed a counterclaim against Marks, alleging the allegation in Marks's complaint are completely false and rise to the level of defamation.

---

[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 11.
[8] R. Doc. 46-4 at 26–27.
[9] R. Doc. 46-5 at 15–16.

**LAW AND ANALYSIS**

I. **Past Arrests and Criminal Record**

The Plaintiff filed a motion *in limine* to exclude evidence of her criminal arrests and convictions.[10] The Plaintiff seeks to exclude evidence relating to the following past arrests and convictions: (1) October 14, 2004 arrest and guilty plea to possession of cocaine, which was later expunged; (2) arrest for domestic violence in March of 2011; (3) October 2, 2009 arrest and conviction for driving while intoxicated; (4) 2009 arrest for drug possession; and (5) 2007 arrest for drug possession.[11]

The Plaintiff argues evidence related to her prior arrests and convictions is inadmissible because (1) Federal Rule of Evidence 404(b) prohibits the introduction of evidence of other crimes, wrongs, or other acts for the purpose of showing the person's character; (2) the evidence is irrelevant under Rule 401; and (3) the evidence is more prejudicial than probative under Rule 403.[12]

Defendants, in response, contend they do not seek to admit evidence and testimony of the Plaintiff's criminal history to attack her character. Instead, Defendants seek to use such evidence under Rule 404(b) to demonstrate bias against the St. Tammany Sheriff and motive to fabricate the alleged body cavity search.[13]

The Court will examine whether the evidence is admissible under Rule 609 or Rule 404(b).

Under Federal Rule of Evidence 609, evidence of a felony conviction may be admissible to attack a witness's character for truthfulness.[14] Rule 609(b) places limits on

---

[10] R. Doc. 90.
[11] *Id.* at 1.
[12] R. Doc. 90-1.
[13] R. Doc. 95.
[14] FED. R. EVID. 609.

3

the use of such evidence if "more than 10 years have passed since the witness's conviction or release from confinement" for that conviction.[15] Only one of the Plaintiff's past criminal encounters— her October of 2009 conviction for driving while intoxicated—is admissible under Rule 609 for impeachment purposes, subject to its admissibility under Rule 403.[16]

Rule 403 provides, in pertinent part, that the court "may exclude evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[17] The Plaintiff's conviction for driving while intoxicated occurred nearly eight years ago, and did not involve the officers named in this lawsuit. Moreover, the Court notes that the Plaintiff's conviction for driving while intoxicated is not one that involves dishonesty or the making of false statements and does not raise questions with respect to her propensity to tell the truth.

The Court has broad discretion in determining "whether to allow or disallow use of a conviction based upon whether its probative value exceeds its prejudicial effect."[18] For the reasons stated above, the Court finds that any probative value the Plaintiff's 2009 conviction for driving while intoxicated may have is substantially outweighed by the danger of unfair prejudice to her. The Defendants may not introduce evidence of the Plaintiff's October of 2009 conviction for driving while intoxicated under Rule 609.

For the same reasons, the Court will not admit under Rule 404(b) the evidence of the Plaintiff's prior arrests and convictions. Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to

---

[15] FED. R. EVID. 609(b).
[16] The only other criminal conviction listed by the parties is a 2004 conviction for possession of cocaine. Because this conviction occurred more than ten years ago, it is inadmissible pursuant to Rule 609(b).
[17] FED. R. EVID. 403.
[18] *Howard v. Gonzales*, 658 F.2d 352, 359 (5th Cir. 1981) (citing *Shingleton v. Armor Velvet Corp.*, 621 F.2d 180, 183 (5th Cir. 1980)).

4

show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[19] Any evidence that is admissible under Rule 404(b) must survive the balancing of competing considerations under Rule 403.

The Court finds the probative value of the Plaintiff's past arrests and convictions is negligible with respect to whether the Plaintiff is biased against the St. Tammany Parish Sheriff's Office or whether she was motivated to bring this action because of bias. Importantly, none of the Plaintiff's past arrests was effectuated by any of the three Defendants in this action. The Court finds the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.[20] The Defendants may not introduce evidence of the Plaintiff's past arrests or convictions.

## II. **Past Sting Operation**

The Plaintiff seeks to exclude evidence or testimony related to a sting operation for which she was a confidential informant for the St. Tammany Parish Sheriff's Office.[21] The Plaintiff argues this evidence is irrelevant, speculative, and unduly prejudicial, and therefore should be excluded.[22]

Defendants argue evidence related to the sting operation is relevant under Rule 401 because it shows that "Ms. Marks developed a bias against the sheriff when her son did not receive the expected leniency from her participation in the undercover operation."[23] Defendants contend they should be allowed to present relevant evidence

---

[19] FED. R. EVID. 404(b).
[20] *See Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013) ("Presenting a section 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as belief that bad people should not be permitted to recover from honorable police officers.").
[21] R. Doc. 91.
[22] R. Doc. 91-1 at 3.
[23] R. Doc. 96 at 5.

5

and testimony demonstrating the Plaintiff's bias and motivation for the lawsuit, leaving it to the jury to make any necessary credibility determinations.[24] Finally, Defendants argue evidence of the sting operation is not "wholly prejudicial" such as to warrant exclusion under Rule 403.

The Plaintiff aided the St. Tammany Parish Sheriff's Office in a sting investigation, which led to the arrest of a local attorney. The Plaintiff admits she "offered information and assistance to STPSO . . . in exchange for [her] son being let out of jail while his criminal case was adjudicated."[25] The Plaintiff further admits her son was released from jail on the evening the sting operation was effectuated.[26]

In addition to the Plaintiff's son being released from jail, the Defendants contend the Plaintiff and the detective in charge of the sting operation agreed the detective would write a letter to the district attorney requesting consideration of the Plaintiff's son's case. The detective in charge of the sting operation testified he told the Plaintiff that "any consideration given to [her son's] case was at the discretion of the District Attorney's office."[27] The parties agree that the detective did indeed write a letter to the Twenty Second Judicial District Court's District Attorney's Office, pointing out the Plaintiff's participation in the sting operation and requesting assistance on the Plaintiff's son's pending charge.[28] It appears to the Court that the Sheriff and the detective adhered to the agreement between the Sheriff's Office and the Plaintiff. The Court sees no basis for the Defendants' argument that this episode caused the Plaintiff to be biased against the St. Tammany Parish Sheriff's Office. As a result, this evidence does not make it more likely

---

[24] *Id.*
[25] R. Doc. 91-1 at 1.
[26] *Id.* at 2.
[27] Exhibit D to R. Doc. 96 (filed under seal).
[28] Exhibit 2 to Exhibit D to R. Doc. 86 (filed under seal).

that the Plaintiff's bias impeaches her credibility. The evidence is therefore irrelevant and inadmissible.

Even if evidence of the sting operation were admissible under Rule 401, the Court finds the evidence inadmissible under Rule 403. Rule 403 provides, in pertinent part, that the court "may exclude evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."[29] The prejudice to the Plaintiff from the introduction of this evidence is great and substantially outweighs any slight probative value it might have. As a result, The Defendants may not introduce evidence of the Plaintiff's involvement in the sting operation.

## CONCLUSION

**IT IS ORDERED** that the motion *in limine* to exclude evidence of the Plaintiff's past arrests and convictions[30] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the motion *in limine* to exclude evidence of the Plaintiff's involvement in a sting operation[31] is hereby **GRANTED**.

**New Orleans, Louisiana, this 19th day of March, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] FED. R. EVID. 403.
[30] R. Doc. 90.
[31] R. Doc. 91.