UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER R. MARKS,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5454** |
| **SHERIFF RANDY SMITH, IN HIS CAPACITY AS SHERIFF OF THE PARISH OF ST. TAMMANY, ET AL.,**<br>    Defendants | **SECTION: "E" (2)** |

## ORDER AND REASONS

The Court ordered Joshua Palmintier, counsel for the Plaintiff, and Chadwick Collings, counsel for the Defendants, to appear to show cause as to why they should not be sanctioned for failing to inform the Court this matter—set for a jury trial on May 22, 2017—settled on Saturday, May 13, 2017.[1] Mr. Palmintier and Mr. Collings appeared before the Court on Monday, May 22, 2017, at 9:00 a.m.

On March 14, 2017, the Court issued an order continuing the trial in this matter until May 22, 2017 at 9:00 a.m.[2] After that date, seven motions *in limine* were filed.[3] In addition, both the plaintiff and defendants filed numerous objections to various trial exhibits listed by the opposing party.[4] The parties filed proposed jury instructions, also containing objections.[5]

On Wednesday, May 17, 2017, the Court issued rulings on two of the motions *in limine*.[6] On Thursday, May 18, 2017, the Court issued three rulings on motions *in limine*.[7]

---

[1] R. Doc. 137.
[2] R. Doc. 81.
[3] R. Docs. 82, 83, 84, 85, 90, 91, 92.
[4] R. Docs. 122, 125.
[5] R. Doc. 121.
[6] R. Docs. 131, 132.
[7] R. Docs. 133, 134, 135.

1

On Friday, May 19, 2017, the Court issued its ruling on the final motion *in limine*.[8] The Court spent much of Friday, May 19, 2017 reviewing and researching the parties' objections to exhibits and objections to various jury instructions.

At approximately 3:30 p.m. on Friday, May 19, 2017, as the Court was preparing to issue a ruling on the parties' objections to trial exhibits, Mr. Palmintier's assistant called chambers to inform the Court that the case had settled on Saturday, May 13, 2017, six days prior.

Local Rule 16.4 for the Eastern District of Louisiana provides:

> Whenever a case is settled or otherwise disposed of, counsel must immediately inform the clerk's office, the judge to whom the case is allotted, and all persons subpoenaed as witnesses.[9]

The Fifth Circuit distinguishes between sanctions imposed pursuant to a court's inherent power and sanctions imposed pursuant to a district court's local rules.[10] "Federal courts enjoy the inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[11] "This power includes the ability to discipline attorneys, punish for contempt, control admission to its bar, and vacate judgments."[12] For a district court to sanction an attorney under its inherent powers, it must make a specific finding that the attorney acted in bad faith.[13] But when—as in this matter—a district court sanctions an attorney for violating a local rule, the court is not required to make a finding of bad faith.[14]

---

[8] R. Doc. 136.
[9] LR 16.4.
[10] *In re William Goode*, 821 F.3d 553, 558 (5th Cir. 2016).
[11] *Id.* at 558–59 (internal quotations omitted).
[12] *Id.* at 559.
[13] *Id.*
[14] *Id.* ("[T]his Circuit has never explicitly extended this requirement to sanctions imposed pursuant to a local rule, and we decline to do so here. . . . [W]e conclude that the district court was not required to make a finding of bad faith before sanctioning [an attorney] under [the local rules].").

Before sanctioning an attorney, the district court must comply with the mandates of due process, which demand that the party against whom sanctions may be awarded be afforded notice and an opportunity to be heard.[15] The Court ruled Mr. Palmintier and Mr. Collings into Court on May 22, 2017 to show cause why they should not be sanctioned. The Court provided both Mr. Palmintier and Mr. Collings an opportunity to be heard.

The Court finds counsel's conduct is in violation of Local Rule 16.4, which is intended to avoid the exact consequences that occurred in this case—wasting of the Court's time that could have and should have been spent resolving issues that remain outstanding in other pending cases.

Accordingly;

**IT IS ORDERED** that Joshua Palmintier and Chadwick Collings are sanctioned personally for their conduct in this case in the amount of $1,000 each. This amount must be paid by counsel *personally*, and may not be paid for by their respective law firms or clients.

**IT IS FURTHER ORDERED** that the sanction is to be paid by **Friday, May 26, 2017** at **5:00 p.m.** to:

> Clerk, United States District Court
> Eastern District of Louisiana
> 500 Poydras Street, Room C151
> New Orleans, Louisiana 70130

**New Orleans, Louisiana, this 22nd day of May, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] FED. R. CIV. P. 11(c).