UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNIFER R. MARKS | * | CIVIL ACTION |
| | * | NO. 15-5454 |
| VERSUS | * | |
| | * | SECTION "E"; MAG "2" |
| SHERIFF RANDY SMITH, IN HIS | * | JUDGE SUSIE MORGAN |
| CAPACITY AS SHERIFF OF THE | * | |
| PARISH OF ST. TAMMANY, ET AL | * | MAGISTRATE JUDGE JOSEPH C. |
| | * | WILKINSON |

* * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
TO SEEK VACATUR, IN PART, OF JUDGMENT ORDERING
CONFIDENTIALITY OF SETTLEMENT INVOLVING PUBLIC BODY**

The Times-Picayune, LLC and Robert Rhoden respectfully submit this memorandum in support of their motion to intervene in the above-captioned case for the purpose of asserting the public's rights of access, and in particular, to seek vacatur of this Court's May 22, 2017 Judgment (Rec. Doc. 141) insofar as it orders that the terms and conditions of the settlement of this cause remain confidential.

## LAW AND ARGUMENT

In this action, Plaintiff alleged that St. Tammany Parish police officials violated her rights in 2014 by stopping her car, handcuffing her and performing a body cavity search alongside a street in Slidell. Following discovery and substantial motion practice, and shortly before the trial was to begin, the parties reached a settlement. On May 22, 2017, the parties filed a Joint Motion for Judgment of Dismissal (Rec. Doc. 138) and a proposed Judgment of Dismissal (Rec. Doc. 138-1). In the joint motion and proposed judgment, the parties included

language declaring that the terms and conditions of the settlement would remain confidential. Rec. Docs. 138 and 138-1.

On May 22, 2017, this Court signed the proposed judgment submitted by the parties. The Judgment states, in relevant part:

> IT IS ORDERED, ADJUDGED AND DECREED that the above entitled and numbered cause has been settled as of compromise, the terms and conditions of which shall remain confidential, and that this Honorable Court shall retain jurisdiction to enforce this settlement.

Rec. Doc. 141.

After learning of the settlement, Times-Picayune reporter Robert Rhoden requested, pursuant to the Louisiana Public Records Law (Louisiana Revised Statute §§44:1, *et seq*.), a copy of the settlement agreement. In response, counsel for the Defendants advised that the agreement would not be provided because doing so would violate this Court's Judgment.

The parties' apparent agreement that the terms and conditions of the settlement remain confidential violates Article 12, Section 3 of the Louisiana Constitution and the Louisiana Public Records Law, Louisiana Revised Statute §§44:1, *et seq*. The public has a right to obtain information regarding the actions of their government, including explicitly information "concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state." La. Rev. Stat. Ann. § 44:1.

This Court's order, which was entered at the request of the parties, is likewise at odds with the public's rights of access. Accordingly, Movants seek to intervene in this action in order

to request that this Court vacate its Judgment, in part, insofar as it provides that the terms and conditions of the settlement remain confidential.

Courts recognize the news media's right to intervene in judicial proceedings in order to protect the public's rights of access. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609, n.25 ("For a case-by-case approach to [access to] be meaningful, representatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion."); *Pansy v. Stroudsburg*, 23 F.3d 772, 777-78 (3rd Cir. 1994) (reversing district court's denial of newspaper's motion to intervene, stating:  "We have routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings.").

Indeed, intervention is the preferred means by which the news media may invoke the public's right of access. *See, e.g., In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998) ("The most appropriate procedural mechanism . . . [to] oppose suppression of the material [is] to intervene"); *Grove Fresh Distributors, Inc. v. EverFresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994) ("It is apparent . . . that intervention is the procedurally appropriate course for third party challenges to protective orders."); *In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir. 1979) (calling third-party intervention "the procedurally correct course" to challenge a protective order). *See also Ford v. City of Huntsville*, 242 F.3d 235, 241 (5th Cir. 2001) (holding that newspaper could intervene to challenge order sealing settlement agreement); *United States v. Andreas*, 150 F.3d 766, 767 (7th Cir. 1998) (newspaper intervened as third-party); *United States v. Corbitt*, 879 F.2d 224, 226-27 (7th Cir. 1989) (newspaper intervened as third-party); *United States v. Chagra*, 701 F.2d 354, 359 (5th Cir. 1983) (gathering cases).  Federal courts in this state

have consistently granted news media outlets' motions to intervene on behalf of the public in civil and criminal proceedings. *See, e.g., United States v. Cleveland*, No. 96-cr-207, 1997 WL 412466, *2 (E.D. La. 1997); *United States v. Davis*, 904 F. Supp. 564 (E.D. La. 1995); *United States v. Davis*, 902 F. Supp. 98 (E.D. La. 1995), *aff'd*, 132 F.3d 1454 (5th Cir. 1997).

## CONCLUSION

For all of the foregoing reasons, The Times-Picayune, LLC and Robert Rhoden respectfully submit that their motion to intervene should be granted.

Respectfully submitted,

*/s/Loretta G. Mince*
Loretta G. Mince, # 25796 (T.A.)
Alysson L. Mills, # 32904
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
Telephone: (504) 586-5252
lmince@fishmanhaygood.com
amills@fishmanhaygood.com

*Attorneys for The Times-Picayune, LLC and Robert Rhoden*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2017, I filed the foregoing with the Clerk of Court, and served notice on all counsel of record via email.

*/s/Loretta G. Mince*
Loretta G. Mince, # 25796